**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ZHENSHUI DUAN,

    Petitioner,

 v.

ERIC H. HOLDER, Jr., Attorney General,

    Respondent.

No. 09-72233

Agency No. A099-049-995

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 21, 2012[**]

Before:  FERNANDEZ, McKEOWN, and BYBEE, Circuit Judges.

  Zhenshui Duan, a native and citizen of China, petitions pro se for review of

the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's decision denying his application for asylum, withholding of

removal, and protection under the Convention Against Torture ("CAT").  We have

---

  [*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

  [**] The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the new standards governing adverse credibility determinations created by the REAL ID Act, *Shrestha v. Holder*, 590 F.3d 1034, 1039 (9th Cir. 2010), and we deny the petition for review.

Substantial evidence supports the agency's adverse credibility finding based on Duan's evasive, inconsistent account of his knowledge of illicit activities; his inconsistent account of reporting a beating; his inability to provide a consistent, coherent explanation of the hotel's finances and his ability to make payments; and the agency's negative assessment of his demeanor. *See id.* at 1045-48 (adverse credibility determination was reasonable under the REAL ID Act's "totality of circumstances"); *Singh-Kaur v. INS*, 183 F.3d 1147, 1151 (9th Cir. 1999) (special deference given to credibility determinations that are based on demeanor). In the absence of credible testimony, Duan's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Because Duan's CAT claim is based on the same testimony found to be not credible, and he does not point to any evidence that shows it is more likely than not that he will be tortured if returned to China, his CAT claim also fails. *See id.* at 1156-57.

**PETITION FOR REVIEW DENIED.**